**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-1209

CAREY HIXSON,

           Plaintiff – Appellant,

    v.

MICHAEL MORAN, in his individual capacity and as the physician at Harrisonburg-Rockingham Regional Jail,

           Defendant – Appellee,

    and

BRYAN HUTCHESON, in his individual capacity and in his official capacity as operator of Harrisonburg-Rockingham Regional Jail; STEVEN SHORTELL, in his individual capacity and in his official capacity as operator of Harrisonburg-Rockingham Regional Jail; JOHN DOES, nurses and employees of Southern Health Partners, Inc.; SOUTHERN HEALTH PARTNERS, INC.; ROCKINGHAM COUNTY, VIRGINIA; THE CITY OF HARRISONBURG, VIRGINIA; KATHERINE RAYNES, a nurse and employee of Southern Health Partners, Inc.; JANELLE SEEKFORD; JOHN DOE #1 and JOHN DOE #2, as nurses and employees of Southern Health Partners, Inc.,

           Defendants.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Michael F. Urbanski, Chief District Judge. (5:17-cv-00032-MFU-JCH)

Argued: May 5, 2021                                                    Decided: June 17, 2021

Before WILKINSON and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by published opinion. Senior Judge Traxler wrote the opinion, in which Judge Wilkinson and Judge Rushing joined.

**ARGUED:** Katherine Cantolina, NDH LLC, Atlanta, Georgia, for Appellant. Christopher Stanislaw Dadak, GUYNN WADDELL CARROLL & LOCKABY, P.C., Salem, Virginia, for Appellee. **ON BRIEF:** Mario B. Williams, Andrew R. Tate, NDH LLC, Atlanta, Georgia, for Appellant. Susan A. Waddell, GUYNN WADDELL CARROLL & LOCKABY, P.C., Salem, Virginia, for Appellee.

TRAXLER, Senior Circuit Judge:

Carey Hixson, a former inmate at Harrisonburg-Rockingham Regional Jail, sued Dr. Michael Moran, a doctor for the jail, alleging an Eighth Amendment violation under 42 U.S.C. § 1983 and violations of state law, based on Dr. Moran's purported failure to properly treat his diabetes. The district court granted summary judgment to Dr. Moran, and Hixson appeals.[*] Finding no error, we affirm.

## I. Facts

Carey Hixson was an inmate at Harrisonburg-Rockingham Regional Jail ("HRRJ") for 5 months in 2016. Prior to arriving at HRRJ, Hixson had been diagnosed with type-2 diabetes and prescribed injectable insulin and oral medication. Once at HRRJ, Hixson informed medical personnel that he had insulin-dependent diabetes; however, the staff was initially unable to acquire the medical records necessary to confirm Hixson's diagnosis. Dr. Moran placed Hixson on a diabetic diet and ordered that Hixson's blood sugar levels be tested daily, which Dr. Moran testified he would have done even if he had reviewed Hixson's medical records. Dr. Moran checked the blood sugar readings on a weekly basis. Hixson's blood sugar levels during the first four months of his incarceration varied from normal to elevated. Towards the end of his incarceration at HRRJ, Hixson's blood sugar levels varied from as low as 174 mg/dL to above 400 mg/dL. In response to the higher

---

[*] Hixson also filed a second amended complaint in district court against Katherine Raynes, Janelle Seekford, Southern Health Partners, Inc., Rockingham County, Virginia, and the City of Harrisonburg, Virginia, alleging, in relevant part, Eighth Amendment violations, and medical malpractice under state law. The district court dismissed his complaint against these parties, and Hixson does not challenge the dismissals.

3

readings, Dr. Moran increased Hixson's blood sugar testing to twice a day but did not prescribe oral medication or insulin. Dr. Moran stated he was concerned about an insulin overdose that could result if Hixson was prescribed insulin when he did not need it. Hixson repeatedly asked nursing staff for insulin but did not report any symptoms of elevated blood sugar to either a nurse or Dr. Moran. Additionally, Hixson did not file an official grievance or complaint asking for insulin or other medication for his diabetes.

In his court complaint, Hixson claimed that Dr. Moran failed to provide him with his "required insulin or other prescribed medication" while he was incarcerated, despite knowledge of his diabetes diagnosis. J.A. 335. As a result, Hixson asserted, he suffered pain, discomfort, and severe impairment of his bodily functions. Specifically, he experienced clouded vision and pain and tingling in his extremities.

In support of his § 1983 deliberate indifference claims, Hixson presented expert deposition testimony from Dr. Carol Rupe. Dr. Rupe opined that Dr. Moran violated the standard of care. Dr. Rupe believed that, given Hixson's blood sugar levels, Dr. Moran should have initially prescribed oral medication. Dr. Moran's expert, Dr. Rose Suaava, stated that Dr. Moran's decision not to administer insulin was reasonable due to the variable nature of Hixson's blood sugar readings and his weight during incarceration.

The district court granted Dr. Moran's motion for summary judgment. The court determined that Hixson failed to establish that Dr. Moran acted with deliberate indifference in treating Hixson and, thus, did not violate Hixson's Eighth Amendment rights. The court specifically concluded that,

4

> [w]hile Dr. Moran did not prescribe insulin or any other type of medication for Hixson, [Dr. Moran] stated rational medical reasons for not doing so. Dr. Moran stated that, because Hixson's blood sugar readings varied, an insulin prescription could have led to hypoglycemia if taken while levels were low. This reasoning, combined with the diabetic diet and daily blood testing [ordered by Dr. Moran], is sufficient to show that Dr. Moran was not deliberately indifferent to Hixson's condition.

J.A. 619. The court additionally found no violation of state law because Hixson could not establish that Dr. Moran was grossly negligent in treating him. Hixson timely appealed.

## II. Jurisdiction

Before addressing the merits, we pause to consider whether we have jurisdiction over Hixson's appeal. Federal courts of appeals may only exercise jurisdiction over final orders. 28 U.S.C. § 1291. A final, appealable decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (internal quotation marks omitted). The final judgment rule "serves the important purpose of promoting efficient judicial administration." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981). To effectuate this goal, the Supreme Court has continued a tradition of giving § 1291 a "practical rather than a technical construction." *Id.* at 375 (internal quotation marks omitted).

"Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted). In *Porter*, a death penalty habeas case, we held that the district court order was not final because there had been no ruling below on the petitioner's claim that he had not had a fair and impartial jury try his case. We noted that the lower court dismissed the petitioner's claim "without ruling on or seeming to recognize" this claim. *Id.* at 698. We

also determined that the district court did not "acknowledge [the claim], and it never passe[d] on a central component of [the] claim." *Id.* at 699.

In the case before us, Hixson alleges inadequate treatment for his diabetes while in prison. He contends that his complaint raised a claim based upon his being denied insulin *and* a second claim based upon his being denied any other medication. Hixson contends that the district court did not rule on his claim involving Dr. Moran failing to give him a noninsulin medication, and that the order is therefore not final.

Assuming without deciding that these are indeed two separate claims, we nonetheless conclude that the order is final. We are able to discern from the district court's order that the court addressed the "central component" of Hixson's deliberate indifference claims. *Id.* at 698. The order displays an awareness of the second claim and the court's discussion uses language encompassing Dr. Moran's consideration of medication in addition to insulin. Indeed, in ruling on Hixson's deliberate indifference claims, the district court explained, "While Dr. Moran did not prescribe insulin *or any other type of medication* for Hixson, he stated rational medical reasons for not doing so." D. Ct. Order at 10 (emphasis added).

The district court acknowledged the scope of Hixson's claims, even quoting the allegation in Hixson's complaint that Dr. Moran was "deliberate[ly] indifferen[t] to [Hixson's] known serious medical need for diabetic medication (prescription or otherwise) to treat his…[diabetic condition]." D. Ct. Order at 4. Thus, unlike in *Porter*, here the district court recognized Hixson's claim, and even quoted the relevant language from his

6

complaint. The district court then determined that Dr. Moran was not deliberately indifferent to Hixson's medical needs for choosing not to administer any medication.

Nothing else is required to satisfy us that the district court ruled on both claims. Requiring more would disregard the very purpose of § 1291 and the Supreme Court's tradition of giving the finality rule a practical rather than technical construction. Accordingly, the order is final, and we therefore turn to the merits of Hixson's appeal.

### III. Merits

On appeal, Hixson asserts that the district court misapplied the summary judgment standard and erroneously determined that Dr. Moran was not deliberately indifferent or grossly negligent when treating Hixson. This Court "review[s] a district court's grant of summary judgment de novo," *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017), drawing all reasonable factual inferences in favor of the nonmoving party. *See Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013). Summary judgment may be granted when there is "no genuine dispute as to any material fact." Fed. R. Civ. P. 56. A genuine issue of material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (internal quotation marks omitted). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Additionally, all reasonable factual inferences must be drawn in favor of the nonmoving party.

### A. Deliberate Indifference Claims

"A prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). "[O]nly the unnecessary and *wanton infliction* of pain implicates the Eighth Amendment." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotation marks omitted).

A claim of inadequate medical care has both a subjective and objective element; "[t]he plaintiff must demonstrate that the [defendant] acted with deliberate indifference (subjective) to the inmate's serious medical needs (objective)." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). An inmate alleging deliberate indifference must establish that his medical condition was objectively serious—that is, "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation marks omitted). The inmate also must establish the subjective element, namely that the official subjectively knew of and disregarded an excessive risk to the inmate's health or safety. *Jackson*, 775 F.3d at 178.

Once prison officials are aware of a serious medical need, they only need to "respond[] reasonably to the risk." *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). "Disagreements between an inmate and a physician over the inmate's proper medical care" are not actionable absent exceptional circumstances. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). Deliberate indifference is "more than mere negligence," but "less than acts or omissions [done] for the very purpose of causing harm or with knowledge that harm will

8

result." *Farmer*, 511 U.S. at 835. To find the prison officials liable, the treatment given must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990).

Here, Hixson was required to prove that he had objectively serious medical needs and that Dr. Moran was deliberately indifferent to those needs. *See Farmer*, 511 U.S. at 835. Because there has been no challenge to the district court's finding that Hixson had serious medical needs, we only review whether Dr. Moran was deliberately indifferent to those needs.

Hixson argues that Dr. Moran was deliberately indifferent because he failed to prescribe Hixson insulin or any other non-insulin medications to treat his diabetes. However, the record shows that Dr. Moran regularly reviewed Hixson's blood sugar readings and even increased the blood tests after noticing significant variations in the readings. Due to these varied readings, Dr. Moran chose to treat Hixson by continuing to monitor his blood sugar and putting him on a diabetic diet. Dr. Moran explained that he did not prescribe Hixson any insulin because Hixson's variable blood sugar readings put him at risk of an insulin overdose. This uncontroverted evidence shows that Dr. Moran was not indifferent to Hixson's medical needs. In fact, he was aware of Hixson's medical needs and actively took steps to increase Hixson's blood sugar level monitoring when he realized that the levels were varied. Dr. Moran was also aware of the risk of a possible insulin overdose, which is why he chose not to prescribe Hixson insulin.

Dr. Moran treated Hixson for diabetes despite the fact that Hixson did not complain of diabetic symptoms, never requested to see Dr. Moran for diabetes, never filed a

9

grievance related to his diabetes treatment, and never filed a medical request form for his diabetes even though he filed the form twelve times for other reasons.

Dr. Rupe stated that Dr. Moran's actions violated the standard of care. At first blush, this might appear to present a classic question of fact to be resolved by a jury. However, Dr. Rupe at most determined that Dr. Moran's actions were negligent. As we have already explained, mere negligence is not enough to show deliberate indifference. *See Farmer*, 511 U.S. at 835. Dr. Rupe's testimony therefore does not create an issue of *material* fact.

Essentially, the medical professionals in this case disagree about what the proper course of treatment should have been for Hixson. However, a disagreement among reasonable medical professionals is not sufficient to sustain a deliberate indifference claim. The uncontroverted evidence of Dr. Moran's constant monitoring of Hixson's blood sugar levels and his control of Hixson's diet show clearly his concern for Hixson's medical well-being. Because Hixson failed to forecast evidence showing that Dr. Moran's alternative treatment plan was "so grossly incompetent" as to permit a finding of deliberate indifference, the district court properly granted summary judgment.

### B. Gross Negligence Claim of Medical Malpractice

Virginia law dictates that a defendant is not guilty of gross negligence as a matter of law if "even some degree of care" was taken. *Elliot v. Carter*, 292 Va. 618, 622 (2016). The standard is one of "indifference, not inadequacy." *Id.* Here, Dr. Moran placed Hixson on a diabetic diet, ordered daily and then twice daily blood sugar tests, and reviewed Hixson's blood sugar levels on a weekly basis. Dr. Moran took steps to treat and monitor Hixson's condition; therefore, he was not grossly negligent.

10

Accordingly, we affirm substantially for the reasons set forth in the district court's order.

## IV. Conclusion

The district court's order sufficiently addressed all permutations of Hixson's deliberate indifference claims and is therefore final. On the merits, we conclude that Hixson did not meet the relevant standards for his deliberate indifference and gross negligence claims. Therefore, we affirm the district court's grant of summary judgment.

*AFFIRMED*